J-S25040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN CEDRIC HUDSON | |
| Appellant | No. 1565 WDA 2015 |

Appeal from the PCRA Order September 24, 2015
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000246-2011

BEFORE: FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED APRIL 08, 2016**

Appellant Kevin Cedric Hudson appeals from the order of the Erie County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. After careful review, we affirm.

The PCRA court set forth the relevant facts and procedural history of this matter as follows:

> On November 2, 2011, as part of a negotiated plea, Appellant pled guilty to two counts of [p]ossession with [i]ntent to [d]eliver [n]arcotics. 35 P.S. § 780-113(a)(30).
>
> Appellant was sentenced on December 20, 2011 by the Honorable Judge Michael Dunlavey to a mandatory minimum of four to eight years at Count Four and to a consecutive mandatory minimum sentence of three to six years of incarceration at Count Five. The mandatory minimum sentences were imposed pursuant to 18 Pa.C.S[]. § 7508 and based on the quantity of the drugs. Appellant did not file any post sentence motion[s] []or a direct appeal with the Superior Court.

Appellant filed his first *pro se* Motion for Post Conviction Collateral Relief on December 21, 2012. Williams Hathaway was appointed as PCRA counsel and filed a "no merit" letter and Motion to Withdraw as Counsel on January 30, 2013. Judge Dunlavey dismissed the PCRA [petition] by [o]rder dated June 4, 2013, concluding Appellant failed to set for[th] any meritorious claims for relief. Appellant did not appeal the [o]rder.

On July 7, 2014, Appellant filed a second PCRA [petition], arguing the imposition of mandatory minimum sentences was illegal pursuant to **Commonwealth v. Munday**, 78 A.3d 661 (Pa.Super.2013). The PCRA [petition] was dismissed by [o]rder dated August 6, 2014 as untimely with no relevant exception. Appellant did not appeal the [o]rder to the Superior Court.

Appellant filed a third PCRA [petition], on which this appeal is based, on September 18, 2015, raising a number of undiscernible issues and reiterating the argument [that] the imposition of mandatory minimum sentences was illegal. The PCRA [petition] was denied by [o]rder dated September 24, 2015.

Appellant filed a [n]otice of [a]ppeal on October 5, 2012.

PCRA Court Pa.R.A.P. 1925(a) Opinion, filed November 6, 2015, pp. 1-2.

Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

Was The lower Common Pleas PCRA Court decision a small 'error' when dismissing the PCRA petition, as having "No" merits, without first reviewing the claim of his arguments. filed September 18, 2015.

Appellant's Brief, p. 6 (verbatim).

To the extent Appellant's brief contains discernable arguments, it argues (1) an illegal sentence resulted from the trial court's imposition of a mandatory minimum sentence despite Appellant's zero prior record score, and (2) his mandatory minimum sentence is illegal pursuant to **Alleyne v.**

*United States*, __ U.S. __, 133 S.Ct. 2151 (2013). *See* Appellant's Brief, pp. 9-17. Appellant is not entitled to relief.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

We must first consider the timeliness of the petition. "It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa.Super.2013); 42 Pa.C.S. § 9545(b)(1). "This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition." *Hernandez*, 79 A.3d at 651 (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa.2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, a facially untimely petition may be received where any of the PCRA's three limited exceptions to the time for filing the petition are met. *Hernandez*, 79 A.3d at 651 (footnote omitted). These exceptions include:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).   As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies.   **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa.2008), *cert. denied*, 555 U.S. 916 (2008).  Further,

[a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).   In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

**Hernandez**, 79 A.3d at 651-652 (internal quotations omitted).

Finally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." **Commonwealth v. Jette**, 23 A.3d 1032, 1043 (Pa.2011).  "A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred." **Commonwealth v. Hawkins**, 953 A.2d 1248,

- 4 -

1251 (Pa.2006). Additionally, in a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred". *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995).

Here, Appellant was sentenced on December 20, 2011. Because Appellant did not file a direct appeal, his judgment of sentence became final thirty days later, on January 19, 2012. *See* 42 Pa.C.S. § 9545(b)(3). Accordingly, Appellant had until January 19, 2013 to timely file a PCRA petition.

Appellant filed the instant petition, his third, on September 18, 2015, nearly three years after the expiration of his PCRA limitations period. Accordingly, Appellant's petition is facially untimely. Thus, he must plead and prove that his petition falls under one of the Section 9545 exceptions set forth in the PCRA. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

To overcome the PCRA's time bar, Appellant states the following:

> The Defendant argues the following claim for review under exception of Newly Discovered Evidence of trial information and facts as to § 9543(a)(2)(vi)  On September 4, 2015, the defendant along with a inmate clerk at law-library SCI-Somerset facility was over reviewing and reading some of the defendant court notes and documents, and discovered that the Court never order a (Mandatory Presentence Investigation Report (PSR or PSI) most be done to any defendant under any case, by federal law under rules of Criminal Procedure Fed.R.Crim. 32(b)(6)(A).

Which also help the trial court got a clear time of the sentencing guidelines of defendant.

Amended PCRA Petition, p. 1 (verbatim).

Appellant's attempted invocation of the newly discovered evidence time bar exception fails. The trial court proceedings are not newly discovered evidence. Appellant's decision not to review the trial court notes and documents until nearly four years after his sentencing does not transform those notes into newly discovered evidence.

To the extent Appellant's brief suggests the Supreme Court of the United States' decision in **Alleyne v. United States**, -- U.S. ---, 133 S.Ct. 2151 (2013),[1] provides a time bar exception, Appellant was required to plead and prove such a time bar exception in his PCRA petition. **See Abu-Jamal**, 941 A.2d at 1268. The PCRA petition itself includes no discussion whatsoever of **Alleyne**, even though the Supreme Court of the United States decided **Alleyne** over two full years before Appellant filed his PCRA petition.[2] Instead, Appellant discussed **Alleyne** for the first time in his appellate brief. As a result, Appellant has waived any time bar exception **Alleyne** could have

_____

[1] In **Alleyne**, the Supreme Court of the United States held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155.

[2] The Supreme Court of the United States decided **Alleyne** on June 17, 2013.

afforded.  ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa.Super.2007) ("exceptions to the [PCRA] time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal"); ***see also*** Pa.R.A.P. Rule 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).  Additionally, Appellant failed to file the instant petition within 60 days of ***Alleyne***, and therefore could not rely on ***Alleyne*** for a PCRA time-bar exception.  ***See*** 42 Pa.C.S. § 9545(b)(2) (petitions invoking exceptions must be filed within 60 days of the date the claim could have been presented).  Further, "neither our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final[,]" and therefore ***Alleyne*** would not have provided Appellant with a time-bar exception, even if properly pleaded in his petition. ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa.Super.2014).

Because Appellant did not properly plead or prove a newly-discovered evidence time-bar exception, because ***Alleyne*** does not provide a time-bar exception, and because Appellant's petition neither pleads nor proves any other time-bar exception, the petition remains time-barred.

Additionally, Appellant's claim that his sentence is illegal because he received a mandatory minimum despite having a prior record score of zero neither implicates Appellant's actual innocence nor raises the possibility that the proceedings were so unfair that a miscarriage of justice which no civilized society can tolerate occurred.  ***See Williams***, ***supra***.

Further, even if timely raised, Appellant's underlying claims would provide no relief. First, Appellant's claim that the trial court erred by failing to order a presentence investigation report prior to sentencing appellant fails on the merits: the sentencing transcript reveals that the trial court did order a presentence report, which the trial court reviewed and had available at Appellant's sentencing. **See** N.T. 12/20/2011, pp. 4, 9, 10, 14. Likewise, Appellant's claim that the trial court erred by sentencing him to a mandatory minimum sentence when his prior record score was zero also fails on the merits. Simply stated, where a mandatory minimum sentencing statute is applicable, a trial court may not sentence a defendant to terms of incarceration less than that required by a mandatory minimum statute, regardless of the defendant's prior record score. **See** 204 Pa. Code § 303.9(h).[3]

Because Appellant filed the instant PCRA petition nearly three years after the expiration of the PCRA limitations period and cannot avail himself

_____

[3] 204 Pa. Code § 303.9 provides, in relevant part:

> (h) *Mandatory sentences*. The court has no authority to impose a sentence less than that required by a mandatory minimum provision established in statute. When the guideline range is lower than that required by a mandatory sentencing statute, the mandatory minimum requirement supersedes the sentence recommendation. When the sentence recommendation is higher than that required by a mandatory sentencing statute, the court shall consider the guideline sentence recommendation.

204 Pa. Code § 303.9(h).

of any time-bar exceptions, the PCRA court did not err in dismissing this petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/2016